# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

William Braylock,                                        Case No.  3:11CV869

       Petitioner

       v.                                                   **ORDER**

Keith Smith, Warden,

       Respondent

This is a habeas corpus petition in which, following referral to the Magistrate Judge, the Magistrate Judge filed a Report and Recommendation recommending that I deny the petition. (Doc. 13). Petitioner has filed objections. (Doc. 14).

Without the benefit of a response to petitioner's objections, I have reviewed the Magistrate Judge's recommendation *de novo*. On the basis of such review, I find the objections not well taken, and I adopt the Report and Recommendation and dismiss the petition.

I also decline to grant a certificate of appealability.

On February 21, 2008, petitioner had endured home invasion and beating by four members of the "Bloods" gang, including the victim whom petitioner subsequently shot.

On March 3, 2008, the decedent and others of his gang cohorts were gathered in front of a house "catty-corner" to petitioner's house. Petitioner, accompanied by his nephew, approached the group; petitioner instigated a fight between his nephew and the soon to be decedent. Petitioner went back home.

Thereafter, petitioner came outside onto his porch and pointed a long gun at the group. He

then went back inside.

About two hours later, wearing a "hoodie" and carrying a concealed 0.38 caliber handgun, petitioner returned outside. He walked a short distance. After a brief exchange with a couple of members of the group, petitioner stated, in effect, that he did not want a problem, but that he was going to protect his family.

At this point, petitioner's niece came outside carrying a baseball bat. She began arguing with the group. Part of the group, including the decedent, started to rush across the street toward petitioner's niece. Petitioner drew his gun; the onrushing group started to turn back. Petitioner fired two shots. The first severed the decedent's femoral artery; the second entered his back and passed through his heart. Either would have proven fatal.

After changing his clothes, petitioner departed the scene, taking the handgun with him.

The jury convicted petitioner of voluntary manslaughter with a firearms specification. The court sentenced him to a twelve-year term. He unsuccessfully appealed to the Ohio Court of Appeals and Supreme Court. Thereby exhausting his state remedies, petitioner filed the instant habeas corpus petition.

The Magistrate Judge found, and I agree, that petitioner defaulted his second and third claims when he failed to assert those claims in his state court appeal.

I also agree with the Magistrate Judge's conclusions with regard to the exhausted claims the Magistrate Judge considered on their merits.

Contrary to petitioner's contentions, there was ample evidence to enable a rational trier of fact to find him guilty of voluntary manslaughter. As the Magistrate Judge stated, "By shooting into a crowd of fleeing epople, Petitioner had to be aware he would probably kill someone." (Report and

2

Recommendation at 10). Likewise, there was no merit to his self-defense contention: his display of his weapon as the group was coming on caused its members to turn away. At that point any basis for claiming self-defense likewise took flight.

In any event, under Ohio law, the issue of self defense does not affect the elements of voluntary manslaughter.

The trial court did not abuse its discretion when it declined to give an instruction on reckless homicide and by giving a flight instruction.

The court provided aggravated murder, voluntary manslaughter, and involuntary manslaughter instructions. Its failure to give a reckless homicide instruction did not enhance the risk of an unwarranted conviction. Thus, no due process violation occurred when it declined to give such an instruction. *See Beck v. Alabama*, 447 U.S. 625, 638 (1980).

A flight instruction was entirely appropriate under the facts before the jury.

### Conclusion

For the foregoing reasons, I find the Magistrate Judge's analysis of the record to be thorough and accurate, and his conclusions of law to be correct. There is, accordingly, no merit to petitioner's objections.

It is, accordingly,

ORDERED THAT:

1.       Petitioner's objections to the Magistrate Judge's Report and Recommendation be, and the same hereby are overruled;

2.       The Magistrate Judge's Report and Recommendation be, and the same hereby is adopted as the order of this court;

3

3.      The petition be, and the same hereby is dismissed.

I find no basis on which to grant a certificate of appealability, and decline to grant such

certificate.

So ordered.

/s/ James G.Carr
Sr. U.S. District Judge

4